# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> *ex rel.* HEALTH CHOICE ADVOCATES, LLC ) <br> *et al.*, ) <br> ) <br>     *Plaintiffs,* ) <br> ) <br> v. ) <br> ) <br> GILEAD SCIENCES, INC., ) <br> *et al.*, ) <br> ) <br>     *Defendants.* ) | Civil Action No. 5:17-cv-00121 <br><br> Judge Robert W. Schroeder III |

**DEFENDANTS COVANCE INC. AND HEALTHSTAR CLINICAL EDUCATION SOLUTIONS, LLC'S EMERGENCY UNOPPOSED MOTION FOR PARTIAL UNSEALING OF DOCUMENTS RELATED TO DEFENDANT GILEAD SCIENCES, INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendants Covance Inc. ("Covance") and HealthStar Clinical Education Solutions, LLC ("HSCES") (collectively, "Defendants") respectfully submit this Emergency Unopposed Motion for Partial Unsealing of the Documents Related to Defendant Gilead Science Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction.  Defendants ask this Court to permit Defendants access to the briefing (including attachments) and hearing transcript related to Defendant Gilead Sciences Inc.'s ("Gilead") Motion to Dismiss the First Amended Complaint ("Amended Complaint") filed by Relators Health Choice Advocates, LLC ("HCA, LLC") and Jaime Green (collectively, "Relators") for lack of subject matter jurisdiction ("Motion to Dismiss") (Dkt. 73).  Gilead, Relators, and the United States Department of Justice have all indicated they do not object to Defendants' Motion.

## BACKGROUND

Relator HCA, LLC filed its initial qui tam Complaint pursuant to the False Claims Act, 31 U.S.C. § 3729 et seq. ("FCA"), on June 14, 2017.  Dkt. 1.  Consistent with the FCA's procedural requirements, the Complaint was filed under seal while the government investigated.  31 U.S.C. § 3730(b)(2).  Ultimately, the federal government and all thirty-one named states declined to intervene, and the complaint was unsealed and served.  Dkts. 8, 9.  On January 12, 2018, Relators filed the Amended Complaint, adding Green as a relator.  Dkt. 53.

Gilead then filed its Motion to Dismiss Relators' Amended Complaint for lack of subject matter jurisdiction.  The FCA contains "a number of jurisdictional limits on [its] qui tam provisions, including its first-to-file bar, which provides that the district court lacks subject matter jurisdiction to hear the claim if a previously-filed suit contains the same 'material elements' or 'essential facts' as the later-filed suit.  *U.S. ex rel. Johnson v. Planned Parenthood of Hous.*, 570 F. App'x. 386, 389 (5th Cir. 2014); *see also* 31 U.S.C. § 3730(b)(5) ("When a

1

person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action."). Over the course of the next four months, both Gilead and Relators filed multiple documents relating to the Motion to Dismiss, which were sealed both from the public and from the remaining parties in the case. Likewise, the May 14, 2018 hearing on Gilead's Motion to Dismiss was sealed, and the only parties permitted to be present were (1) court personnel; and (2) representatives and counsel for Relators and Gilead. (Dkt. 174.)

On June 28, 2018, Magistrate Judge Craven issued her Report and Recommendation ("R&R") that, according to a separate publicly-filed order, "recommend[s] Gilead's Motion to Dismiss Relators' Amended Complaint for Lack of Subject Matter Jurisdiction [Dkt. 73] be granted in part and denied in part." (Dkt. 218.)[1] ███████████████████████████████████████████████████████████████████████████ Particularly given that the R&R is one addressing a motion attacking the Court's subject matter jurisdiction, its recommended disposition of Gilead's Motion to Dismiss significantly impacts not only Gilead, but also Covance and HSCES. (*See* Dkt. 217.)

███████████████████████████████████████████████████████████████████████████ Defendants therefore request that they be permitted to access the following documents, including any exhibits attached thereto, that are under seal ("Sealed Documents"):

- Dkt. 41 – Gilead's Unopposed Sealed Motion for Leave to File Under Seal its Unopposed Motion for Extension of Time to Respond to Relator's Complaint
- Dkt. 42 – Gilead's Unopposed Sealed Motion for Extension of Time to Respond to Relator's Complaint

---

[1] The R&R was provided to all parties, including Covance and HSCES.

2

- Dkt. 43 – Gilead's Redacted Sealed Unopposed Motion for Leave to File Under Seal its Unopposed Motion for Extension of Time to Respond to Relator's Complaint
- Dkts. 72, 77 - Gilead's Unopposed Sealed Motion for Leave to File Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Seal
- Dkts. 73, 80 – Gilead's Motion to Dismiss Relators' Amended Complaint for Lack of Subject Matter Jurisdiction and Memorandum of Law in Support
- Dkts. 74, 78 – Gilead's Unopposed Motion to File Opposed Motion to Stay Discovery Under Seal
- Dkts. 75, 79 – Gilead's Opposed Sealed Motion to Stay Discovery Pending Resolution of Gilead's Motions to Dismiss with Brief in Support
- Dkts. 121, 126 – Gilead's Unopposed Sealed Motion to File Reply in Support of Defendant Gilead's Motion to Stay Discovery Under Seal
- Dkts. 122, 123 – Gilead's Sealed Reply to Response to Motion re Opposed Sealed Motion to Stay Discovery Pending Resolution of Gilead's Motions to Dismiss with Brief in Support
- Dkt. 145 – Relators' Unopposed Motion for Leave to File Under Seal
- Dkts. 147, 149 – Relators' Sealed Response to Motion to Dismiss Relators' Amended Complaint for Lack of Subject Matter Jurisdiction
- Dkts. 156, 169 – Gilead's Unopposed Sealed Motion to File Reply in Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Seal
- Dkts. 157, 170 – Gilead's Sealed Reply to Response to Motion re Sealed Motion to Dismiss Relators' Amended Complaint for Lack of Subject Matter Jurisdiction
- Dkts. 158, 171 – Gilead's Unopposed Sealed Motion to File Motion to Strike Declaration of Christopher L. Nelson Under Seal
- Dkts. 159, 172 – Gilead's Opposed Sealed Motion to Strike Declaration of Christopher L. Nelson
- Dkt. 176 – Relators' Sealed Sur-Reply to Gilead's Motion to Dismiss Relators' Amended Complaint for Lack of Subject Matter Jurisdiction
- Dkt. 181 – Relators' Sealed Response to Motion [Dkt. 159] Opposed Sealed Motion to Strike Declaration of Christopher L. Nelson
- Dkt. 194 – Sealed Transcript of Proceedings on 5/14/18 before Judge Craven
- Dkts. 197, 201 – Gilead's Unopposed Sealed Motion for Leave to File Under Seal its Opposed Motion for Leave to File Supplemental Authority in Support of Motion to Dismiss Relators' Amended Complaint for Lack of Subject Matter Jurisdiction
- Dkts. 198, 202 – Gilead's Opposed Sealed Motion for Leave to File Supplemental Authority in Support of Motion to Dismiss Relators' Amended Complaint for Lack of Subject Matter Jurisdiction
- Dkt. 204 – Relators' Sealed Response to Motion re [Dkt. 198] Opposed Sealed Motion for Leave to File Supplemental Authority In Support of Its Motion to Dismiss Relators' Amended Complaint for Lack of Subject Matter Jurisdiction
- Dkts. 214, 216 – Gilead's Sealed Reply to Motion re Opposed Sealed Motion for Leave to File Supplemental Authority in Support of Motion to Dismiss Relators' Amended Complaint for Lack of Subject Matter Jurisdiction

## ANALYSIS

A district court should use caution when exercising its discretion to place records under seal because there is a "strong presumption that all trial proceedings should be subject to scrutiny by the public." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). That presumption may be overcome by a "showing that a sealing order is necessary to protect important countervailing values." *Bianco v. Globus Med., Inc.*, No. 12-CV-00147, 2014 WL 3422000, *1 (E.D. Tex. July 14, 2014).

Here, Defendants agree that the Sealed Documents——should remain sealed from the public. *See, e.g., Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003) (explaining the "purpose of the FCA does not support *continued* sealing, and only justifies sealing in order that the government may investigate") (citing *Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir. 1995) (explaining that the purpose of § 3730(b)(2)'s sealing provision is to allow the Government to study and evaluate, out of public view, the relator's information for possible intervention or overlapping criminal investigation)). Stated differently, no "countervailing Government interest in nondisclosure" exists as to Defendants, and the Court

4

should permit them to access the Sealed Documents. *See United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 691 (5th Cir. 2010).

Furthermore, Defendants will suffer significant prejudice in their ability to prepare adequate objections to the R&R if they are not permitted to access the briefing and hearing transcript for the Motion to Dismiss. *Cf. Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. 1981) ("Our adversarial legal system generally does not tolerate ex parte determinations on the merits of a civil case"). The "strong presumption" favoring access and the significant interests of Defendants support unsealing the Sealed Documents as to Defendants.

Relators and Gilead do not oppose Defendants' request.

## CONCLUSION

WHEREFORE, for the reasons stated above, Defendants respectfully request that the Court grant Defendants' Emergency Unopposed Motion for Partial Unsealing of the Documents Related to Defendant Gilead Science Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Dated: July 19, 2018               Respectfully submitted,

/s/ Clyde M. Siebman
Clyde M. Siebman
Texas Bar No. 18341600
Elizabeth S. Forrest
Texas Bar No. 24086207
Siebman Forrest Burg & Smith, LLP
300 N. Travis Street
Sherman, Texas 75090
Telephone:   (903) 870-0070
Facsimile:   (903) 870-0066
Email: *clydesiebman@siebman.com*
Email: *elizabethforrest@siebman.com*

Stephen G. Sozio (admitted pro hac vice)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
Phone:  (216) 586-3939
Fax:     (216) 579-0212
Email:  *sgsozio@jonesday.com*

Heather M. O'Shea (admitted pro hac vice)
JONES DAY
77 W. Wacker Dr.
Chicago, IL 60601
Phone:  (312) 782-3939
Fax:     (312) 782-8585
Email:  *hoshea@jonesday.com*

B. Kurt Copper (admitted pro hac vice)
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, OH 43215
Phone:  (614) 281-3963
Fax:     (614) 461-4198
Email:  *bkcopper@jonesday.com*

*Counsel for Defendant Covance Inc.*

Respectfully submitted,

*/s/ Rebecca C. Martin*
Rebecca C. Martin (admitted to E.D. Tex.)
New York State Bar No. 2631380
Andrew B. Kratenstein (admitted pro hac vice)
New York State Bar No. 3037975
McDermott Will & Emery LLP
340 Madison Ave
New York, NY 10173
Email: rcmartin@mwe.com
akratemstein@mwe.com

Eli Burriss
Texas Bar No. 24040611
McDermott Will & Emery LLP
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201
Tel.: (214) 295-8053
Email: eburriss@mwe.com

*Attorneys for Defendant*
*HealthStar Clinical Education Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July, 2018, I filed the foregoing with the Clerk of the United States District Court under seal using the CM/ECF system, which will provide counsel of record with an electronic copy.

/s/ Clyde M. Siebman
*Counsel for Defendant Covance Inc.*